Dear Mr. McDonald:
You have requested the opinion of this office on the following issues:
 1. Can the board of commissioners of a hospital service district (District) purchase real estate that is strategically located adjacent to the hospital's campus and pay a price that exceeds the appraised fair market value?
In response to this question, we would point out that R.S.46:1064 designates the District as a political subdivision of the state and authorizes Districts to purchase and acquire lands and to purchase, acquire and construct facilities necessary to carry out the health care responsibilities of the District. R.S.46:1060 grants to the District the "right and power of expropriating property for the purpose of acquiring land for any purpose that it may find necessary in the operation of a hospital service district. . . ." However, there are no provisions of state law which dictate procedures to be complied with in the purchase of immovable property by political subdivisions of the state such as a hospital service district. This does nor mean that there are no limitations on what amount may be paid for land since, as with all of their duties, the board of commissioners is required to act prudently and responsibly in making such a negotiated purchase or in deciding to initiate expropriation proceedings.
Article VII, Sec. 14(A) of the Louisiana Constitution provides, in pertinent part:
 Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged or donated to or for any person, association, or corporation, public or private.
You have asked whether the District may "pay a price that exceeds the appraised fair market value" for land. We would view payment of more that the fair market value for such property to constitute a donation of the funds by the District to the seller and therefore a violation of the above quoted constitutional provision.
You also ask for guidance in establishing the format for hearings held pursuant to LSA-R.S. 46:1055(A)(4), which authorizes the board of commissioners to, "conduct hearings and pass upon complaints by or against any officer or employee of the district." You present the following questions pertinent to this issue:
 1. Are these hearings public or can they be held in executive session?
 2. Should the complainant be represented by counsel?
 3. Should witnesses be called by the complainant or the board of commissioners?
 4. Should these hearings result in a resolution of the problem?
 5. Should the verdict be announced publicly or to the complainant only?
LSA-R.S. 46:1072(2)(a) defines a "hospital service district" as a political subdivision of the state. Political subdivisions of the state are considered "public bodies" and therefore subject to the Open Meetings Laws. LSA-R.S. 42:4.2.
LSA-R.S. 42:6.1 provides for exceptions to the Open Meetings Laws and, in part, states:
 A. A public body may hold an executive session pursuant to R.S. 42:6 for one or more of the following reasons:
 (1) Discussion of the character, professional competence, or physical or mental health of a person, provided that such person is notified in writing at least twenty-four hours before the meeting and that such person may require that such discussion be held at an open meeting, and provided that nothing in this Subsection shall permit an executive session for discussion of the appointment of a person to a public body. . . .
 * * * * *
 (4) Investigative proceedings regarding allegations of misconduct.
It is conceivable that complaint hearings regarding an officer or employee of the District could involve allegations of misconduct as well as a discussion of that individual's character or professional competence. However, if an executive session is held, the general reason for holding the executive session must be recorded and entered into the minutes of the meeting pursuant to LSA-R.S. 42:6.
You also ask whether a complainant to a matter under hearing before the board of commissioners should be represented by legal counsel. We must defer to the hospital service district's determination on this matter. Beyond the general provision cited above empowering the board of commissioners to conduct hearings and pass on complaints, no other statutory provision mandates how a hospital district is to conduct its hearings. While the Administrative Procedure Act is a good source of reference to ensure that due process rights are secured, those provisions do not apply to hospital districts. See Opinion 94-359(A).
Generally, a complainant's decision whether or not to be represented by counsel is not prohibited by law. However, the complainant's participation in the actual hearing is subject to the board of commissioners' determination. The board of commissioners has the power under LSA-R.S. 46:1055(3), "to make, alter, amend and promulgate rules and regulations governing the hospital." It therefore has the right to adopt by-laws for its internal operation. Lamm v. Board of Commissioners forVermillion Hospital Service District No. 1, 378 So.2d 919 (La. 1980).
These by-laws should address the procedures to be followed for each district in conducting hearings and processing any complaints, including what legal representation, if any, the complainant should need before the board.
Also, whether witnesses are called by the complainant or the board of commissioners should be addressed in the by-laws. Generally, it is the duty of the investigating body to provide evidence, including any witnesses, in support of a complaint before an entity. But, again, these are generalizations gleaned from the Administrative Procedure Act. Each district's internal by-laws should control on this matter.
Additionally, you ask whether the hearing should result in a resolution of the problem. By the wording of LSA-R.S.46:1055(A)(4), the board of commissioners should, "pass upon complaints." This connotes a desired finality, whether in support of or against the allegations in the matter. Therefore, a resolution of the matter is suggested.
Finally, you ask whether the decision of the board of commissioners should be announced publicly or to the complainant only. The Open Meetings Laws mandate that no final or binding action can be taken by a public body in executive session. LSA-R.S. 42:6. This requires any final determination by the board of commissioners be taken in open meeting and accessible by the public.
I trust this addresses your concerns. Please contact us if we can be of further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: GLENN R. DUCOTE
Assistant Attorney General
GRD:CMF:jv